IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANIKA BALDWIN<br>c/o Chris P. Wido, Esq<br>The Spitz Law Firm, LLC<br>25825 Science Park Drive, Ste 200<br>Beachwood, Ohio, 44122 | )<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| On behalf of herself and all others<br>similarly-situated | )<br>) | **COLLECTIVE ACTION<br>COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR STANDARDS<br>ACT** |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | (Jury Demand Endorsed Herein) |
| IVY WOODS CENTER FOR LIVING, LLC<br>d.b.a. "Willow Woods Healthcare And<br>Rehabilitation Center"<br>c/o Cogency Global, Inc., statutory agent<br>3958 D Brown Park Drive<br>Hilliard, Ohio, 43026 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

## INTRODUCTION.

Through a company-wide failure to include a shift differentials and bonus payments in the calculation of the regular rate of pay, Defendant Ivy Woods Center For Living, LLC, ("Ivy Woods") systematically failed to pay Plaintiff Anika Baldwin and other similarly-situated, non-exempt employees the proper overtime rate. Accordingly, Ivy Woods' conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of herself and all other similarly situated employees, Baldwin bring this collective action for the recovery of unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Collective Class Members." The following allegations are based upon information and belief, or personal knowledge as to Baldwin's own conduct and the conduct and acts of others.

## PARTIES.

1.   Baldwin is an individual residing in Mahoning County, Ohio. Baldwin performed work for Ivy Woods within the last three years for which she was not paid the proper overtime wages guaranteed by the FLSA. Baldwin' signed consent to sue form is attached hereto as Exhibit "A."

2.   The FLSA Collective Class Members are all current and former non-exempt employees of Ivy Woods who (1) who were paid on an hourly basis, (2) were paid sums in addition to their hourly pay, such as shift differential(s) or shift premium(s) and/or non-discretionary bonuses at least once during their employment, and (3) who worked 40 or more hours during any single week of their employment.

3.   Ivy Woods is a domestic corporation with its principal place of business located in North Lima, Ohio.

4.   During all times material to this Complaint, Ivy Woods was Baldwin and the FLSA Collective Class Members' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## PERSONAL JURISDICTION.

5.   Ivy Woods is an Ohio Corporation; hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Ivy Woods comports with due process.

6.   This cause of action arose from or relates to the contacts of Ivy Woods with Ohio residents, thereby conferring specific jurisdiction over Ivy Woods.

## SUBJECT MATTER JURISDICTION AND VENUE.

7.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2

8.   Venue is proper in this District because Ivy Woods does a sizeable portion of its business in this District; its principal place of business is located in this district; and the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

9.   At all times referenced herein, Ivy Woods was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

10.  At all times referenced herein, Ivy Woods was a "named enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r)(2)(A), in that at all time hereinafter mentioned, Ivy Woods was "an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution."

## FACTUAL ALLEGATIONS.

11.  Ivy Woods operates a nursing facility known as "Willow Woods Rehabilitation And Nursing Center" located at 9625 Market Street in Lima, Ohio.

12.  Baldwin is a former employee of Ivy Woods.

13.  Baldwin was employed by Ivy Woods as a Nursing Assistant.

14.  Baldwin was paid on an hourly basis.

15.  At all times referenced herein, Baldwin and other hourly, non-exempt employees of Ivy Woods received incentive payments, shift premiums, shift differentials, and other non-discretionary bonuses in addition to their hourly pay.

3

16.    At all times referenced herein, Baldwin other hourly, non-exempt employees of Ivy Woods were paid an overtime premium when they worked more than 40 hours in a single workweek. However, Ivy Woods improperly calculated the overtime rate it paid based only upon the hourly rate of Baldwin and other hourly, non-exempt employees, while excluding incentive payments, shift premiums, and other non-discretionary bonuses it paid to these employees from the regular rate ("Overtime Calculation Practice").

17.    As a result of Ivy Wood's illegal Overtime Calculation Practice, Baldwin and the FLSA Collective Class Members were not paid the proper overtime rate and/or were denied the full amount of overtime pay to which they were entitled under law.

18.    Ivy Wood's Overtime Calculation Practice was willful and designed with the purpose of saving Ivy Woods money while giving hourly, non-exempt employees like Baldwin the impression that they were being paid properly.

19.    Ivy Woods implemented the Overtime Calculation Practice without a good faith belief that it complied with the overtime requirements of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**.

20.    Plaintiffs incorporate by reference each of the allegations in the preceding paragraphs.

21.    At all times referenced herein, Ivy Woods employed non-exempt employees who (1) were paid on an hourly basis, (2) were paid sums in addition to their hourly pay, such as shift differential(s) or shift premium(s) and/or non-discretionary bonuses and (3) worked 40 or more hours during any single week of their employment.

22.    Ivy Woods' failure to include the shift premiums and bonuses in the overtime rates it pays to hourly, non-exempt employees is company wide and built into Ivy Woods' payroll software.

23.    Ivy Woods' practice of not including Shift Differential Pay in the calculation of overtime was not limited to Baldwin and affected all members of the putative FLSA Collective Class.

4

24. Ivy Woods' practice of not including Shift Differential Pay in the calculation of overtime was not limited to Plaintiffs and effected all members of the FLSA Collective Class Members similarly.

25. Baldwin brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly-situated individuals who are part of the following class:

> All persons who were employed by Ivy Woods Center For Living, LLC, for any length of time during the three years immediately preceding this action who were paid on an hourly basis and received any additional pay, such as shift premiums, shift differentials, and/or bonuses.

26. Collective Action treatment of Plaintiffs' FLSA claim is appropriate because Baldwin and the FLSA Collective Class Members have been subjected to the same company-wide, common business practice referenced in Paragraphs 11-20 of the foregoing Complaint and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Ivy Woods' company-wide practices failed to properly compensate the FLSA Collective Class Members for all overtime hours worked.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.**

27. Baldwin re-alleges and incorporates by reference the allegations set forth in paragraphs 1-26, above.

28. The FLSA requires each covered employer, such as Ivy Woods, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

29. Plaintiffs and the FLSA Collective Class Members were not exempt from the right to receive overtime pay under the FLSA during their employment with Ivy Woods.

30. Plaintiffs and the FLSA Collective Class Members are entitled to be paid overtime compensation for all overtime hours worked.

31. At all times relevant to this Complaint, Ivy Woods had a policy and practice of failing to pay the proper overtime rate to its hourly employees by excluding shift differential payments, sift

5

premium payments, and/or non-discretionary bonuses from the calculation of the regular rate of pay and corresponding overtime rate.

32.   Ivy Woods either recklessly failed to investigate whether its failure to pay Plaintiffs and the FLSA Collective Class Members the proper overtime rate violated the Federal Wage Laws of the United States; it intentionally misled Baldwin and the FLSA Collective Class Members to believe that Ivy Woods was paying overtime correctly, and/or Ivy Woods concocted a scheme pursuant to which it deprived Baldwin and the FLSA Collective Class Members of the overtime pay they earned.

33.   Ivy Woods' failure and refusal to pay Baldwin and the FLSA Collective Class Members the proper overtime wage for all overtime hours worked was willful, intentional, and not in good faith.

34.   Baldwin and the FLSA Collective Class Members are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**<u>PRAYER FOR RELIEF.</u>**

WHEREFORE, Plaintiff Anika Baldwin requests judgment in her favor against Defendant Ivy Woods Center for Living, LLC, containing the following relief:

(a)   Designating this action as a collective action on behalf of Baldwin and the Collective she seeks to represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to FLSA Collective Class Members apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

(b)   Designating Baldwin as a representative for the FLSA Collective Class Members;

(c)   Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding Baldwin and the FLSA Collective Class Members unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate

> Respectfully submitted,
>
> /s/Chris P. Wido
> Chris Wido (0090441)
> **SPITZ, THE EMPLOYEE'S ATTORNEY**
> 25825 Science Park Drive, Suite 200
> Beachwood, Ohio 44122
> Phone: (216) 291-4744
> Fax:    (216) 291-5744
> Email:  Chris.Wido@Spitzlawfirm.com
>
> *Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Anika Baldwin demand a trial by jury by the maximum number of jurors permitted.

> /s/Chris P. Wido
> Chris P. Wido (0090441)
> **SPITZ, THE EMPLOYEE'S ATTORNEY**