# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ANIKA BALDWIN, | ) CASE NO. 4:23-CV-00919 |
| *Plaintiff*, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| IVY WOODS CENTER FOR LIVING, LLC, | ) **STIPULATED MOTION FOR FINAL** |
| | ) **APPROVAL OF SETTLEMENT AND** |
| | ) **STIPULATION OF DISMISSAL** |
| *Defendant*. | ) **WITH PREJUDICE** |
| | ) |

Plaintiff Anika Baldwin ("Plaintiff") and Defendant Ivy Woods Center for Living, LLC ("Defendants") (collectively, the "Parties") respectfully move this Honorable Court to review the Parties' Stipulation of Settlement and Release ("Settlement") and issue a Final Order approving the Settlement as fair and reasonable, dismissing this litigation ("Action") with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff commenced the Action on behalf of herself and all others allegedly similarly situated to her with respect to the claims she asserted.

2. On May 4, 2023, Plaintiff filed her Complaint against Defendant alleging that Defendant failed to pay her the appropriate wage rate for all shifts worked by Plaintiff, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. (ECF No. 1.).

3. Specifically, Plaintiff alleged that she and other allegedly similarly-situated hourly employees were not properly paid the full overtime rate for additional pay received as shift premiums, shift differentials, and/or bonuses.

4. Defendants denied these allegations and maintained it properly paid Plaintiff and all other employees for all hours worked.

5. Between June 2023 and February 2024, the Parties exchanged information and documents regarding the Parties' legal and factual positions and defenses. The Parties also engaged in extensive settlement negotiations through correspondence and many telephone discussions regarding the calculation of Plaintiffs' alleged damages, attorneys' fees, and potential resolution of Plaintiff's claims.

6. In an effort to reach a compromise and avoid the expense and burden of litigation, the Parties agreed to settle the Action on the terms set forth in the Stipulation of Settlement and Release attached as Exhibit 1.

7. The Parties engaged in substantial investigation of the claims, and formal and informal discovery, prior to negotiating the Settlement. Before filing the Action, Plaintiffs' Counsel performed considerable research and factual investigation of the claims to set forth a factually specific Complaint for the Court and Defendant.

8. The Parties engaged in a comprehensive exchange of information about Plaintiff's claims and Defendant's defenses to such claims. This included a complete analysis of time and pay records, and calculations of Plaintiff's alleged damages.

9. The Parties engaged in extensive legal discussions, which included many and lengthy discussions between Counsel for the Parties.

10. Disputes exist between the Parties, including whether Plaintiff and those similarly situated earned any payments which would be properly classified as shift premiums, shift differentials, and/or bonuses, and whether this time was built into the regular rate; whether Plaintiff and those similarly situated were properly compensated under the FLSA; and whether Plaintiff and those similarly situated are entitled to their claimed compensation under the FLSA.

11. There is also a *bona fide* dispute over whether Plaintiff would be entitled to

liquidated damages as Defendant claims it did not act in willful disregard of the law and it has a good faith defense.

12. Plaintiff will receive an individualized payment which is based on Plaintiff's analysis of alleged damages in unpaid overtime, as well as an incentive payment.

13. The Settlement Agreement provides that $4,000.00 will be paid to Plaintiff for alleged damages over the relevant period of this lawsuit and as an incentive payment for her participation in this lawsuit.

14. The individuals who choose to opt-into this settlement ("Opt-In Plaintiffs") will receive an individual amount based on the number of per hours payments due to each individual versus the amount paid to each individual in overtime payments.

14. Plaintiffs' counsel Chris Wido, Esq., believes that the proposed Settlement is fair and reasonable given Defendant's good faith defenses, and in the best interest of Plaintiff. (*See* Exhibit 2.)

15. The proposed Settlement depends on the Court's review and approval and issuance of a Final Order approving the Settlement as fair and reasonable. A proposed final order is attached as Exhibit 3.

16. For purposes of Settlement only, the Parties agree that Plaintiff and the potential Opt-In Plaintiffs are similarly situated under the FLSA, 29 U.S.C. § 216(b) and case law interpreting the same. A Notice of Settlement will be sent to the Eligible Settlement Participants, along with a Claim Form to join the Settlement. A proposed Settlement Notice And Claim Form is attached here as Exhibit 4. Those who join the Settlement will become Claimants and receive settlement payments and, in exchange, they will release the Released Parties from the Released Claims for the Release Period, as outlined in the Stipulation of Settlement and Release.

17.     The Parties, under Fed. R. Civ. P. 41(a)(1)(ii) and based on the attached Settlement, stipulate to the dismissal of this case with prejudice. Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs. The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

## MEMORANDUM OF LAW

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Chris Wido, Esq. (Exhibit 2), and as explained below, Court approval is warranted on all scores.

### A.     The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., S.D.Ohio* No. C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *2 (June 16, 2008), fn. 1 (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban Cty. Govt.*, E.D.Ky. No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

4

*UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (*citing Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir.1983), *quoted in Crawford*, at *14). As shown below and in the Wido Declaration (*see* Exhibit 2), the standard supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny that applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford*, at *31 (*citing Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement. The Parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. (*See* Exhibit 2.) The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. Along with extensive formal discovery, the Parties have engaged in substantial investigation and exchange of records prior to and during the negotiations, and the issues are well understood by both sides. (*Id.* at ¶¶ 7-10.) The outcome is uncertain for Plaintiff, and the risks of continued litigation are evident for both sides. (*Id.* at ¶ 30.) The opinions of experienced counsel of the parties support the Settlement, as does the Plaintiff. (*See* Exhibit 2.)

If approved by the Court, the Proposed Settlement will provide payments to Plaintiff and Opt-In Plaintiffs for the full amount of their alleged unpaid overtime. Plaintiff's Counsel calculated the alleged unpaid wages by analyzing the time data for each shift and comparing overtime rate for additional pay received as shift premiums, shift differentials, and/or bonuses. Plaintiff's Counsel also calculated the hours worked versus the amount of each employee's pay and whether

there were any hours payment amounts listed as shift premiums, shift differentials, and/or bonuses. The pay amounts were then calculated for each Plaintiff and potential Opt-In Plaintiff and was used as the basis to derive the lost wages claimed by Plaintiff and the potential Opt-In Plaintiffs.

### C. Plaintiff's Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

The Sixth Circuit underscored that "an award of attorney fees ... 'encourage[s] the vindication of congressionally identified policies and rights,'" and thus "we have 'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir.1994) (*quoting United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984); *Posner v. Showroom, Inc.*, 762 F.2d 1010 (6th Cir.1985)). In *Fegley*, the Court upheld an award of $40,000.00 in fees even though the plaintiff recovered $7,680.00 in damages. *Id.* Courts outside the Sixth Circuit similarly do not place an undue emphasis on the amount of the plaintiff's recovery. *Fegley*, 19 F.3d at 1134-35 (*citing Posner*) (internal quotations omitted); *see also Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Gonzalez v. Bustleton Services, Inc.*, 2010 U.S. Dist. LEXIS 85153 (E.D. Pa. Aug 10, 2010) (awarding $76,066 in fees and costs after FLSA trial in which plaintiffs recovered $18,496); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *Heder v. City of Two

6

*Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00).

Plaintiffs' Counsel's attached Declaration details the time and effort required to litigate this Action and negotiate the Settlement for Plaintiff, as well as the potential Opt-In Plaintiffs, which demonstrates the reasonableness of the proposed fees and expenses. (*See* Exhibit 2). The litigation expenses sought to be reimbursed are proper and reasonable. Further, Plaintiffs' Counsel has incurred expenses in the amount of $610.00 for the filing fee and administrative costs. (*Id.* at ¶ 16.) The costs associated with mailing the Notice are not included in this figure.

## **CONCLUSION**

The Parties jointly submit this Settlement as a fair and reasonable resolution of the disputed issues, which adheres to the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Final Approval of Settlement; (2) approve Plaintiff's Counsel's request for attorneys' fees, costs, and expenses; (3) approve Plaintiff's service award; (4) enter the proposed Order of Dismissal; and (5) retain jurisdiction to enforce the Settlement.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| *Per email approval March 27, 2024* | **JACKSON LEWIS P.C.** |
| */s/ Chris Wido* | */s/ Patrick O. Peters* |
| Chris Wido (0090441) | Patrick O. Peters (#0079539) |
| **THE SPITZ LAW FIRM, LLC** | Richard L. Hilbrich (#0092143) |
| The Water Tower Plaza | Park Center Plaza I, Suite 400 |
| 25825 Science Park Drive, Suite 200 | 6100 Oak Tree Boulevard |
| Beachwood, Ohio 44122 | Cleveland, Ohio 44131 |
| Chris.Wido@spitzlawfirm.com | Tel.: (216) 750-0404 |
| | Fax: (216) 750-0826 |
| *Counsel for Plaintiff* | Email: Patrick.Peters@JacksonLewis.com |
| *Anika Baldwin* | Richard.Hilbrich@JacksonLewis.com |
| | *Counsel for Defendant,* |
| | *Ivy Woods Center for Living, LLC* |

4861-0307-3708, v. 3